## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

**KRISTINA NICOLE SMITH,**
**JAMES SPENCER SMITH,**
**Individually and on behalf**
**of their minor children**
**SCARLETT ESME SMITH AND**
**BENNETT ANTON SMITH,**
         **Plaintiffs,**

**V.**                                                    **CASE NO.:   3:23-cv-00396**

**BAY CITY REALTY, SHERRY**
**WILLIAMS, OLIVER W. ROY,**
**PROGRESSVE FLOOD INSURANCE**
**COMPANY, JAMES MESSINA and**
**HOMEOWNERS OF AMERICA INSURANCE,**
         ___*Defendant.*___

## <u>ANSWER AND AFFIRMATIVE DEFENSES</u>

NOW INTO COURT, through undersigned counsel, comes Defendant, American Strategic

Insurance Corp., improperly named as Progressive Flood Insurance Company, (hereafter referred

to as "ASI"), a Write-Your-Own Program carrier participating in the U.S. Government's National

Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968, as

amended ("NFIA"),[1] appearing herein in its "fiduciary"[2] capacity as the "fiscal agent of the United

States"[3] and at the expense of the U.S. Treasury,[4] for the purpose of responding to Plaintiffs' First

Petition For Breach of Contract, Fraud, Unjust Enrichment & Statutory Liability ("Complaint")

and asserting Affirmative Defenses thereto, to wit:

## <u>DISCOVERY CONTROL PLAN LEVEL</u>

The allegations contained in the unnumbered Discovery Control Plan Level paragraph of

---

[1] 42 U.S.C. § 4001, *et seq. See also, Gowland v. Aetna Cas. & Surety Co.*, 143 F.3d 951, 953 (5th Cir. 1998).
[2] 44 C.F.R. § 62.23(g).
[3] 42 U.S.C. § 4071(a)(1).
[4] *Grissom v. Liberty Mutual Fire Ins. Co.*, 678 F.3d. 397, 399-400, 402 (5th Cir. 2012).

the Complaint are denied. Answering further, jurisdiction over this NFIP flood dispute is proper in this United States District Court and therefore all discovery will be governed by the Federal Rules of Civil Procedure and any additional orders of the Court.

The allegations contained in the "Parties:" paragraph immediately preceding paragraph 1 of the Complaint are denied.

## PARTIES AND SERVICE

1.    The allegations contained in paragraph 1 of the Complaint are admitted upon information and belief.

2.    The allegations contained in paragraph 2 of the Complaint require no answer from this Defendant but are admitted upon information and belief.

3.    The allegations contained in paragraph 3 of the Complaint require no answer from this Defendant but are admitted upon information and belief.

4.    The allegations contained in paragraph 4 of the Complaint require no answer from this Defendant but are denied for lack of sufficient information.

5.    The allegations contained in paragraph 5 of the Complaint are admitted in part and denied in part. ASI admits that it acted at all times pertinent herein in its capacity as a NFIP WYO flood insurance carrier participating in the U.S. Government's NFIP pursuant to the NFIA, appearing herein in its "fiduciary" capacity as the "fiscal agent of the United States" and at the expense of the U.S. Treasury. All remaining allegations not specifically admitted are denied.

6.    The allegations contained in paragraph 5 of the Complaint require no answer from this Defendant but are admitted upon information and belief.

## JURISDICTION AND VENUE

7.      The allegations contained in paragraph 7 of the Complaint are admitted in part and denied in part. ASI admits that this is an action for breach of a NFIP SFIP and that jurisdiction is proper in this United States District Court pursuant to 42 U.S.C. §4072, 28 U.S.C. 1331 and Article VII(O) of Plaintiffs' SFIP, a codified federal regulation found at 44 C.F.R. Part 61, Appendix A(1), which is self-evident of its coverages, terms, conditions, limitations, and exclusions as stated therein, and is incorporated and pleaded fully herein by reference, as if copied *in extenso*. Any remaining allegations not specifically admitted are denied.

8.      The allegations contained in paragraph 8 of the Complaint are admitted in part and denied in part. ASI admits that this is an action for breach of a NFIP SFIP and that jurisdiction is proper in this United States District Court pursuant to 42 U.S.C. §4072, 28 U.S.C. 1331 and Article VII(O) of Plaintiffs' SFIP, a codified federal regulation found at 44 C.F.R. Part 61, Appendix A(1), which is self-evident of its coverages, terms, conditions, limitations, and exclusions as stated therein, and is incorporated and pleaded fully herein by reference, as if copied *in extenso*. Any remaining allegations not specifically admitted are denied.

9.      The allegations contained in paragraph 9 of the Complaint are admitted in part and denied in part. ASI admits that venue is proper in this United States District Court pursuant to Article VII(O) of Plaintiffs' SFIP, a codified federal regulation found at 44 C.F.R. Part 61, Appendix A(1). Any remaining allegations not specifically admitted are denied.

## FACTS

10.     The allegations contained in paragraph 10 of the Complaint are denied for lack of information.

11.     The allegations contained in paragraph 11 of the Complaint are denied for lack of

information.

12.     The allegations contained in paragraph 12 of the Complaint are denied for lack of information.

13.     The allegations contained in paragraph 13 of the Complaint are denied for lack of information.

14.     The allegations contained in paragraph 14 of the Complaint are denied for lack of information.

15.     The allegations contained in paragraph 15 of the Complaint are denied for lack of information.

16.     The allegations contained in paragraph 16 of the Complaint are denied for lack of information.

## BREACH OF CONTRACT, FRAUD & UNJUST ENRICHMENT

17.     The allegations contained in paragraph 17 of the Complaint are denied for lack of information.

18.     The allegations contained in paragraph 18 of the Complaint are denied for lack of information.

19.     The allegations contained in paragraph 19 of the Complaint are denied for lack of information.

20.     The allegations contained in paragraph 20 of the Complaint are denied for lack of information.

21.     The allegations contained in paragraph 21 of the Complaint are denied for lack of information.

## **BREACH OF CONTRACT AND PROFESSIONAL MISCONDUCT & MALFEASANCE**

22.     The allegations contained in paragraph 22 of the Complaint are denied for lack of information.

23.     The allegations contained in paragraph 23 of the Complaint are denied for lack of information.

24.     The allegations contained in paragraph 24 of the Complaint are denied for lack of information.

## **BREACH OF CONTRACT & NEGLIGENCE BY INSPECTION COMPANY**

25.     The allegations contained in paragraph 25 of the Complaint are denied for lack of information.

26.     The allegations contained in paragraph 26 of the Complaint are denied for lack of information.

27.     The allegations contained in paragraph 27 of the Complaint are denied for lack of information.

28.     The allegations contained in paragraph 28 of the Complaint are denied for lack of information.

29.     The allegations contained in paragraph 29 of the Complaint are denied for lack of information.

30.     The allegations contained in paragraph 30 of the Complaint are denied for lack of information.

31.     The allegations contained in paragraph 31 of the Complaint are denied for lack of information.

32.     The allegations contained in paragraph 32 of the Complaint are denied for lack of

information.

33.     The allegations contained in paragraph 33 of the Complaint are denied for lack of information.

34.     The allegations contained in paragraph 34 of the Complaint are denied for lack of information.

35.     The allegations contained in paragraph 35 of the Complaint are denied for lack of information.

36.     The allegations contained in paragraph 36 of the Complaint are denied for lack of information.

37.     The allegations contained in paragraph 37 of the Complaint are denied for lack of information.

### PROFESSIONAL MISCONDUCT, NEGLIGENCE, FRAUD & BREACH OF CONTRACT BY REAL ESTATE BROKER/AGENT

38.     The allegations contained in paragraph 38 of the Complaint are denied for lack of information.

39.     The allegations contained in paragraph 39 of the Complaint are denied for lack of information.

40.     The allegations contained in paragraph 40 of the Complaint are denied for lack of information.

41.     The allegations contained in paragraph 41 of the Complaint are denied for lack of information.

42.     The allegations contained in paragraph 42 of the Complaint are denied for lack of information.

## **BREACH OF CONTRACT & BAD FAITH BY INSURANCE COMPANIES**

43.     The allegations contained in paragraph 43 of the Complaint are admitted in part and denied in part. ASI admits that in its capacity as a NFIP WYO flood insurance carrier participating in the U.S. Government's NFIP pursuant to the NFIA, appearing herein in its "fiduciary" capacity as the "fiscal agent of the United States" and at the expense of the U.S. Treasury, it issued SFIP Number 0FLD587879 for the property located at 173 Nueces Street, Bay City, Texas, and the flood policy at issue is the NFIP SFIP Dwelling Form, a codified federal regulation found at 44 C.F.R. Part 61, Appendix A(1), which is self-evident of its coverages, terms, conditions, limitations, and exclusions as stated therein, and is incorporated and pleaded fully herein by reference, as if copied *in extenso*. Any remaining allegations not specifically admitted are denied.

44.     The allegations contained in Paragraph 44 of the Complaint are admitted in part and denied in part. ASI admits that in its capacity as a NFIP WYO flood insurance carrier participating in the U.S. Government's NFIP pursuant to the NFIA, appearing herein in its "fiduciary" capacity as the "fiscal agent of the United States" and at the expense of the U.S. Treasury, it issued SFIP Number 0FLD587879 for the property located at 173 Nueces Street, Bay City, Texas, and the flood policy at issue is the NFIP SFIP Dwelling Form, a codified federal regulation found at 44 C.F.R. Part 61, Appendix A(1), which is self-evident of its coverages, terms, conditions, limitations, and exclusions as stated therein, and is incorporated and pleaded fully herein by reference, as if copied *in extenso*. Any remaining allegations not specifically admitted are denied.

45.     The allegations contained in paragraph 45 of the Complaint are denied.

46.     The allegations contained in paragraph 46 of the Complaint are denied. Answering further, all federal and/or state law based extra-contractual and tort claims arising out of the handling of the flood loss claim are preempted and barred by federal law.

47.    The allegations contained in paragraph 47 of the Complaint are denied for lack of information.

48.    The allegations contained in paragraph 48 of the Complaint are denied for lack of information.

49.    The allegations contained in paragraph 49 of the Complaint are denied for lack of information.

50.    The allegations contained in paragraph 50 of the Complaint are denied. Answering further, all federal and/or state law based extra-contractual and tort claims arising out of the handling of the flood loss claim are preempted and barred by federal law.

51.    The allegations contained in paragraph 51 of the Complaint are denied. Answering further, all federal and/or state law based extra-contractual and tort claims arising out of the handling of the flood loss claim are preempted and barred by federal law.

52.    ASI hereby re-urges and repeats as if copied herein all of its responses to the allegations contained herein and all of its responses to the allegations contained in paragraphs 1-51.

53.    The allegations contained in paragraph 53 of the Complaint are denied.

54.    The allegations contained in paragraph 54 of the Complaint are denied.

55.    The allegations contained in paragraph 55 of the Complaint are denied. Answering further, all federal and/or state law based extra-contractual and tort claims arising out of the handling of the flood loss claim are preempted and barred by federal law.

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

56.    The allegations contained in paragraph 56 of the Complaint are denied. Answering further, all federal and/or state law based extra-contractual and tort claims arising out of the handling of the flood loss claim are preempted and barred by federal law.

8

57.     The allegations contained in paragraph 57 of the Complaint are denied.

58.     The allegations contained in paragraph 58 of the Complaint are denied.

59.     The allegations contained in paragraph 59 of the Complaint are denied.

60.     The allegations contained in the Prayer for Relief paragraph including subparagraphs 1, 2, 3, 4, 5, 6, 7, 8 and 9 of the Complaint are denied. Answering further, all federal and/or state law based extra-contractual and tort claims arising out of the handling of the flood loss claim are preempted and barred by federal law, including, but not limited to, exemplary damages, punitive damages, other punitive damages, additional treble damages for bad faith, remedial damages and other relief and attorney's fees and statutory fees and interest.

## REQUEST FOR JURY TRIAL

61.     Plaintiffs' request for jury trial is denied. Because U.S. Treasury funds are at stake, Plaintiffs are not entitled to a jury trial. *Grissom,* 678 F.3d. at 402.

AND NOW, IN FURTHER ANSWER, COMES Defendant, ASI, to assert the following Affirmative Defenses to Plaintiffs' Complaint, to wit:

## NO CAUSE OF ACTION

The Plaintiffs' Complaint fails to contain claims upon which relief may be granted by this Honorable Court.

## NO RIGHT OF ACTION

There are no "implied" private rights of action available in the context of the comprehensive and pervasive statutory and regulatory scheme that is commonly referred to as the National Flood Insurance Program. To the extent that the Plaintiffs seek any recovery from Defendant under federal law beyond what is provided for in the text of the SFIP, Defendant affirmatively asserts that no right of action exists.

## THE INSURING AGREEMENT

The responsibilities of the WYO Program carrier, Defendant to the Insureds, and vice versa, are provided in the insuring agreement of the SFIP. 44 C.F.R. Pt. 61, App. A(1) at "Agreement." Pursuant to that regulation/contract, the Insureds have no cause to complain of the strictures of the NFIP, for they agreed to be bound by all program rules as a condition of the policy of flood insurance they purchased.

## CHARGED WITH KNOWLEDGE and NO DETRIMENTAL RELIANCE

As a matter of federal law, Plaintiffs are charged with knowledge of the terms and conditions of the NFIA, the NFIP and the SFIP. *See*, *Federal Crop Ins. Corp v. Merrill*, 332 U.S. 380 (1947); *Heckler v. Community Health Services of Crawford County, Inc.*, 467 U.S. 51 (1984). Moreover, FEMA's regulations expressly provide that any misrepresentation as to the scope of coverage afforded by the SFIP is void as a matter of federal law. 44 C.F.R. §61.13(e). Accordingly, alleged detrimental reliance claims are unreasonable as a matter of law. Further, per the U.S. Supreme Court's opinion in *Heckler*, Plaintiffs are charged with knowing all the terms and conditions of FEMA published guidance regarding the NFIP including, but not limited to, the FEMA Manuals and Bulletins. Similarly, the SFIP bars all claims of reliance in the context of claims issues. 44 C.F.R. Pt. 61, App. A(1), Arts. VII(G)(5), (7) and (8).

## THE DECLARATIONS PAGE

The Declarations Page is a part of the SFIP itself. The Declarations Page describes the term of the policy, limits of coverage, and displays the premium. The question of whether the Plaintiffs are entitled to additional sums under the SFIP, and if so, how much, is strictly governed by the policy's Declarations Page, and all of the policy's terms and conditions as contained in the SFIP at 44 C.F.R. Pt. 61, App. A(1), along with all applicable provisions of the Code of Federal

Regulations, the NFIA itself and FEMA's regulations, Bulletins, and Claims Manual.

## DEFINITIONS

Defendant pleads 44 C.F.R. Pt. 61, App. A(1), Article II, "Definitions," as an affirmative defense, including, but not limited to, the definitions of Actual Cash Value, Declarations Page, Direct Physical Loss By or From Flood, Dwelling, Flood, Policy, You, Your, etc. Defendant further avers that said definitions must be strictly construed, interpreted, and enforced.

## NO GENERAL CONDITION OF FLOOD

Defendant specifically avers as an affirmative defense that the claimed damages to Plaintiffs' property were not caused by a General Condition of Flooding and/or a flood of any sort, and therefore, the Plaintiffs' claims are not covered by the SFIP. See 44 C.F.R. Pt. 61, App. A (1), Art. II(B)(1).

## STRICT CONSTRUCTION AND INTERPRETATION

Defendant pleads that, as all claims under the SFIP are made with U.S. Treasury funds, out of segregated accounts maintained by the WYO Program carrier in compliance with the "Arrangement," all payments must be in conformity with the Appropriations Clause of the U.S. Constitution. *See*, *Cohen v. Allstate Ins. Co.*, 924 F.3d 776, 780 (5th Cir. 2019); *Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, 391 (9th Cir. 2000); see also *Office of Pers. Mgmt. v. Richmond*, 496 U.S. 414, 424–26, 110 S.Ct. 2465, 110 L.Ed.2d 387 (1990).") and 42 U.S.C. § 4017. Because U.S. Treasury funds are at stake in the payment of claims within the National Flood Insurance Program, strict compliance with the terms and provisions of the SFIP, the National Flood Insurance Act of 1968, as amended, and the Code of Federal Regulations is required of all parties.

## LIMITATIONS OF COVERAGES

Defendant avers as an affirmative defense those provisions and limitations of coverage

11

contained at Article III of the SFIP.

## CONDITIONS PRECEDENT

The SFIP expressly conditions the right to sue for further benefits under the policy upon the Plaintiffs' prior compliance with "all the requirements of the policy." In order to obtain the federal benefits that the Insureds are seeking under the policy, the Plaintiffs must meet the burden of proof to establish the pre-suit complete, truthful, and detailed compliance with "all" requirements of the SFIP, including but not limited to, the notice of loss, separation of property, documentation, cooperation, proof of loss, and other requirements. *See,* 44 C.F.R. Pt. 61, App. A(1), Art. VII, each provision of which is expressly plead herein by reference.

## PROOF OF LOSS REQUIREMENT

The SFIP sets forth strict requirements for the proof of loss under 44 C.F.R. Pt. 61, App. A(1), Art. VII(G)(4). It is Plaintiffs' burden to establish that they strictly complied with 44 C.F.R. Pt. 61, App. A(1), Art. VII(G)(4), and all sub-parts thereto, prior to filing suit pursuant to 44 C.F.R. Pt. 61, App. A(1), Art. VII(O). Defendant specifically asserts that Plaintiffs failed to timely submit a fully compliant Proof of Loss supported by proper documentation of covered and payable damages caused directly by or from flood to support their claim for U.S. Treasury funds.

## WAIVERS

The Federal Government has reserved unto itself the exclusive authority to waive Program requirements. *See*, 44 C.F.R. § 61.13(d), § 62.23(k), and SFIP Article VII(C), which are pled herein as though contained *in extenso*. Defendant affirmatively pleads that it cannot legally waive Program requirements; instead, it is required by the Constitution and judicial precedent to strictly construe and enforce all of FEMA's requirements for NFIP claims disputes. The Federal Insurance Administrator is the sole authority.

## NO BREACH OF DUTY

There was no breach of any duty owed by Defendant to the Plaintiffs. There was no causation and no damage attributable to any alleged act, error, or omission by ASI in this case. Defendant avers that the Plaintiffs have not been damaged by any alleged action or inaction on the part of Defendant.

## MITIGATION

Plaintiffs' damages are a result of a failure by the Plaintiffs to take reasonable steps to mitigate the loss, therefore those damages are not recoverable.

## PRIOR PAYMENTS

Defendant asserts the right to a credit for any claims payments that have already been made, and/or which might be made during the pendency of this action, but prior to final judgment.

## LOSS PAYMENT AND LOSS PAYEES

Defendant asserts SFIP Article VII(R) – LOSS SETTLEMENT, and all sub-parts thereto, as an affirmative defense. In the event of any recovery by the Plaintiffs, Defendant affirmatively asserts the mortgage clause of the SFIP, found at SFIP Art. VII(N), and affirmatively asserts that the name of any lending institution or other loss payee must be included in any judgment or payment in this case. If there are other entities, *e.g.*, Small Business Administration, that are entitled to have their interests protected on any further checks, then those requirements are plead herein as well.

## PREEMPTION

All federal and/or state law based extra-contractual and tort claims arising all disputes arising from the insurer's issuance, policy administration, or the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the NFIA

and Federal common law and are therefore preempted and barred by federal law, including, but not limited to, exemplary damages, punitive damages, other punitive damages, additional treble damages for bad faith, remedial damages and other relief and attorney's fees and statutory fees and interest.

### NO INTEREST RULE

Because claim payments pursuant to the Flood Program are paid out of the U.S. Treasury, any claims for pre-judgment interest or post-judgment interest are barred by federal law. The "No Interest Rule" applies.

### CONSEQUENTIAL DAMAGES

Because the SFIP only pays for damages caused directly by or from flood, no consequential damages are allowed. As such, the SFIP does not pay for loss of access to the property, loss of use, additional living expenses, the cost of complying with any ordinance or law requiring or regulating the construction, demolition, remodeling, renovation or repair of the property, and any other economic loss. *See*, SFIP Art. V(A)(2), (3), (5), (6) and (7).

### PROPERTY NOT COVERED

Defendant avers as an affirmative defense SFIP ARTICLE IV- PROPERTY NOT COVERED, which includes those specific items of property for which coverage is not provided under the SFIP even if the damages to those items were caused directly by or from flood.

### EXCLUSIONS

Defendant avers as an affirmative defense those exclusions contained in SFIP ARTICLE V – EXCLUSIONS, particularly including but not limited to water, moisture, mildew, mold and testing for pollutants exclusions and exclusions for wind and windstorm damages. *See*, SFIP Arts. V(D)(4) and (8) and (F).

14

**PRIOR LOSS**

If Plaintiffs' property suffered a prior flood loss for which the insured at the time of the prior flood loss was compensated, they are required to provide proof of prior repairs to the property. Thus, Defendant avers that payment cannot be made again for those same damages. The burden is on the Plaintiffs to present proof that the prior loss was remediated and that additional payments are not duplicative. Defendant asserts, but is not limited to, SFIP Article VII(H) in this regard.

**OFFSET & DOUBLE RECOVERY**

There can be no double recovery for the alleged flood damages, including, but not limited to monies received under any governmental programs for repairs, or any other similar source of funds. Moreover, Defendant would be entitled to an offset of the percentage of liability attributable to third parties. In addition, Plaintiffs' claims may be barred or reduced in part by the comparative negligence of the Plaintiffs or third parties that contributed to the Plaintiffs' negligence.

**LOSS SETTLEMENT**

Defendant avers as an affirmative defense the provisions set forth in 44 C.F.C. Pt. 61, App. A(1), Article VII(R) – LOSS SETTLEMENT, including but not limited to VII(R)(4)(i).

**OVERHEAD AND PROFIT**

In an abundance of caution, Defendant asserts as an affirmative defense that if the subject property has been sold prior to repairs being made, Plaintiffs are not entitled to overhead and profit. Further, Defendant asserts as an affirmative defense the FEMA Claims Manual regarding overhead and profit.

**TRIAL BY JURY NOT ALLOWED**

Plaintiffs seek a trial by jury. Because U.S. Treasury funds are at stake, the Seventh

Amendment right to trial by jury does not apply in this instance. As such, Defendant alleges trial by jury is not available and should be precluded. *See Grissom*, 678 F.3d. at 402.

### DENIAL OF REMAINING ALLEGATIONS

Defendant affirmatively pleads, without waiving any other defenses elsewhere asserted herein, that all allegations contained in the Plaintiffs' Complaint that have not been specifically admitted are hereby denied.

### RESERVATION OF RIGHTS

To the extent permitted by law, Defendant reserves its right to supplement and amend its Answer to Plaintiffs' Complaint and to assert additional affirmative defenses as future discovery may warrant and require.

### PRAYER

WHEREFORE, Defendant, American Strategic Insurance Corp., prays that this Answer and Affirmative Defenses be deemed good and sufficient, and that after all due proceedings are had, that there be judgment herein dismissing all claims of Plaintiffs against Defendant, American Strategic Insurance Corporation, with prejudice, and at Plaintiffs' costs.

Dated: December 20, 2023                    Respectfully submitted:

**NIELSEN & TREAS, LLC**

*/s/ Keith M. Detweiler.*
Keith M. Detweiler,
TXBA No. 24052089
3838 North Causeway Blvd.
Suite 2850
Metairie, Louisiana 70002
P: 504-837-2500; F: 504-603-0730
Email: kdetweiler@nt-lawfirm.com
***Counsel for Defendant, American Strategic
Insurance Corp.***

**CERTIFICATE OF SERVICE**

I hereby certify that on December 20, 2023, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/Keith M. Detweiler*
Keith M. Detweiler

## SERVICE LIST

John Cucci, Jr. Esq.
Cucci Law Group
440 Louisiana Street, Suite 660
Houston, Texas 77002
cucciesq@yahoo.com
*Counsel for Plaintiffs*

Savannah Robinson
1822 Main
Danbury, Texas 77534
savannahrobinson@aol.com
*Counsel for Defendant and counter-plaintiff,*
*Oliver Roy*

Michael D. Hudgins
mhudgins@hudgins-law.com
Erik C. Baumann
ebaumann@hudgins-law.com
Karina Guseva
kguseva@hudgins-law.com
The Hudgens Law Firm
24 Greenway Plaza, Suite 2000
Houston, Texas 77046

Homeowners of America Insurance Company
1400 Corporate Drive, Suite 300
Irving, Texas 75038
*Defendant*

James Messina
4434 Bluebonnet Drive
Stafford, Texas 77477
*Defendant*