UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| Kristina Smith, et al | § | |
| | § | |
| | § | C.A. 3:23-cv-00396 |
| VS. | § | |
| | § | |
| Bay City Realty, et al | § | JURY REQUESTED |

**DEFENDANT'S FIRST AMENDED ORIGINAL ANSWER, AND COUNTER CLAIM**

TO THE HONORABLE COURT:

NOW COMES, Oliver Roy, Defendant and counter-plaintiff, and would show as follows:

I.

1. This dispute arises out of the sale of a home in Bay City, Matagorda County. Oliver Roy was the seller. Plaintiffs were the purchasers. The purchase was "as is". The date of sale was on or about January 25, 2022.

II.
**GENERAL DENIAL**

2. Defendant denies each and every of the allegations against him, and demands strict proof thereof.

3. For further answer, if such be necessary, Defendant reserves the right to elect a credit attributable to any and all settlements reached by the parties in this litigation, including but not limited to any prior or subsequent settlements with any other party to this litigation related to the claims made by Plaintiffs related to the claims made the basis of this suit.

1

4. For further answer, if such be necessary, Defendant hereby reserves the right to submit the negligence of any and all settling parties, as defined by Chapter 33 of the Texas Civil Practice & Remedies Code and interpreted by Texas courts.

### III.
### SPECIFIC DENIALS

5. Defendant specifically denies any knowledge of a conversation alleged to be between Plaintiff, Kristina Smith, and Defendant James Messina. If any such conversation was had, which is not admitted but denied, at the time of the conversation James Messina was not acting as the agent or representative of Mr. Roy. In fact, Mr. Messina had been hired by the Plaintiffs, and was their agent.

6. Defendant specifically denies that the property "suffered and sustained severe storms, weather, rain, flooding, flood events, and other natural and man-made events".

7. Defendant specifically denies that the home suffered "damage, flooding, weather, damage, mold, predicates to mold and mold growth, and other sustained damage" except as property disclosed in the Sellers Disclosure Notice dated November 7, 2021.

8. Defendant specifically avers that all known defects were reported in the Seller's Disclosure Notice dated November 7, 2021.

9. Defendant specifically avers that all defects unknown to him, were discovered and reported by the Property Inspectors to the Buyers.

10. Defendant specifically avers that all the known and unknown defects in the home were known to Buyers prior to the closing on or about January 25, 2022.

11. Defendant specifically avers that if there is mold growth in the home, which is not admitted but denied, it was after he moved out, unknown to him, likely minimal, and the sort of problem that adequate housekeeping would correct.

## IV.
## AFFIRMATIVE DEFENSES

12. Defendants plead the affirmative defense of contributory negligence in that all or part of Plaintiff's damages were the direct result of their own negligent actions/omissions and/or that of another. Specifically, Plaintiffs' failure to conduct due diligence and failure to inspect the Property as well as their failure to timely notify Counter-Plaintiffs or permit Counter-Plaintiffs reasonable access to the Property caused or contributed to any alleged damages that Plaintiffs complain of.

13. Defendants plead the affirmative defense of waiver and estoppel.

14. Texas does not recognize a tort of negligent infliction of emotional distress. *Boyles v. Kerr*, 855 S.W.2d 593, 594 (Tex. 1993).

15. Defendants would show that Plaintiffs failed to reasonably mitigate any damages that may have resulted from the alleged conduct forming the basis of the cause of action of Plaintiffs. Such failure to mitigate should operate as a bar to the prosecution of any action, or, alternatively, operate as an offset against any damages that may be awarded to Plaintiffs in this regard.

16. Defendant would show that even if the conduct alleged by Plaintiffs that forms the basis of such cause of action is assumed to be true, which Defendant denies, such conduct was not the producing cause of the damages alleged to be sustained by Plaintiffs.

17. Defendant would show that there existed a valid "as-is" provision in the agreement between Plaintiffs and Defendant, which thereby negates the possibility that any alleged conduct on the part of Defendant was a producing cause of damages alleged sustained by Plaintiffs. *Prudential Insurance Co. v. Jefferson Associates*, 896 S.W.2d 156 (Tex. 1995).

18. Plaintiffs have failed to make a notice of demand as required by Tex. Civ. Prac. & Rem. Code, Section 38.001. Plaintiffs are hence not entitled to attorneys fees.

## V.
## JURY DEMAND

19. Defendant demands the equitable, just, and constitutionally guaranteed right of trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiffs go hence without day, for costs of court, and for such other and further relief, in law or in equity to which Defendants may show themselves entitled.

## VI.
## FIRST COUNTERCLAIM

20. This counterclaim is brought pursuant to the Chapter 10 of the Civil Practice and Remedies Code, for filing of a frivolous suit.

21. Chapter 10 provides that the signing of a pleading constitutes a certification by the signatory that to the signatory's best knowledge, information, and belief, formed after reasonable inquiry:

   (1) the pleading or motion is not being presented for any improper purpose, including to harass or to cause unnecessary delay or needless increase in the cost of litigation;
   (2) each claim, defense, or other legal contention in the pleading or motion is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

4

(3) each allegation or other factual contention in the pleading or motion has evidentiary support or, for a specifically identified allegation or factual contention, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
(4) each denial in the pleading or motion of a factual contention is warranted on the evidence or, for a specifically identified denial, is reasonably based on a lack of information or belief.

TEX CIV PRAC & REM CODE 10.001.

22. This provision applies equally to non-lawyers as to lawyers. The trial court may impose sanctions on a person who has signed a pleading in violation of section 10.001.. *See* TEX CIV PRAC & REM CODE 10.004 (a).

## VII.
## SECOND COUNTER-CLAIM

23. This counterclaim is brought pursuant to the Chapter 9 of the Civil Practice and Remedies Code, for filing of a frivolous suit.

24. Chapter 9 provides that the signing of a pleading constitutes a certification by the signatory that to the signatory's best knowledge, information, and belief, formed after reasonable inquiry:

 (1) groundless and brought in bad faith;
(2) groundless and brought for the purpose of harassment; or
(3) groundless and interposed for any improper purpose, such as to cause unnecessary delay or needless increase in the cost of litigation.
 TEX CIV PRAC & REM CODE 9.011.

25. This provision applies equally to non-lawyers as to lawyers. The trial court may impose sanctions on a person who has signed a pleading in violation of section 9.011.. *See* TEX CIV PRAC & REM CODE 9.012, unless the signatory withdraws the offensive pleading within 90 days.

## VIII.
## SUIT IS FRIVOLOUS

26.     This suit is groundless, and meant solely for the purpose of harassment. Buyers were well aware of the minimal defects in the home. Buyers attempted to negotiate additional repairs, and some repairs were agreed by an Amendment to the Contract for Sale dated December 17, 2021.  This home was not flooded while Defendant Roy was its owner.

## IX.
## ATTORNEYS FEES

27.     Counter-Plaintiff petitions the court for the award of attorney fees as a result of the necessary defense of the claims made by Counter-Defendants. Counter- Plaintiff pleads for pre- and post-judgment interest at the maximum allowed rate. All conditions precedent to Counter-Plaintiff's right to recover and Counter- Defendant's liability have been performed and/or have occurred. This is the kind of claim that the attorney should be responsible for paying any sanction of judgment. *Kugle v. DaimlerChrysler Corp.,* 88 S.W.3d 355, 365 (Tex. App. - San Antonio 2002, review denied)

## X.
## FEDERAL ANSWERS

28.     This cause was removed due to federal question jurisdiction on December 15, 2023. The purpose of this amendment is to put our Answer in federal formatting.

29.     Defendant is without information to admit or deny paragraphs 1 through 3.

30.     Defendant admits paragraph 4.

31.     Defendant is without information to admit or deny paragraphs 5 and 6.

32.     Defendant admits paragraph 7.

33.     Defendant admits as to his person only, paragraph 8. Defendant is without information to admit or deny the remainder of paragraph 8.

34.  Defendant admits paragraph 9.

35.  Defendant admits paragraph 10 through 14.

36.  Defendant denies paragraph 15 in its entirety.

37.  Defendant is without information to admit or deny paragraph 16.

38.  Defendant admits that a mandated disclosure was provided prior to the sale. Defendant denies the remainder of paragraph 17. Defendant denies that the contract was the basis for providing a mandatory disclosure, as that is a character of state law, and whether the contract mentions the disclosure is superfluous. Defendant denies that the disclosure is required to state the expanded list of notices stated in paragraph 17.

39.. Defendant denies paragraph 18 in its entirety.

40.  Defendant admits that the sale was "as is". Defendant is without information to admit or deny the remainder of paragraph 19.

41. Defendant denies paragraph 20 in its entirety. Defendant specifically denies that there was a flood at the home while he owned it.

42.  Defendant denies paragraph 21 in its entirety. Defendant specifically denies that there were defects as alleged in the property.

43.  Defendant denies paragraph 22 through 24, in its entirety.

44.  Defendant admits that a pre-closing inspection was performed. Defendant is without information to admit or deny the remainder of the allegations in paragraph 25.

45.  Defendant is without information to admit or deny paragraphs 26 through 37.

46.  Defendant admits that Sherry Williams was his realtor. Defendant is without information to admit or deny the remainer of the allegations of paragraphs 38 through 42.

47.     Defendant admits that he carried flood insurance while he owned the home. Defendant is without information to admit or deny the remainder of paragraphs 43 through 50. Defendant specifically denies that the home flooded during his ownership.

48.     Defendant specifically denies paragraph 51 in its entirety.

49.     Defendant specifically denies paragraphs 52 through 55 in their entirety.

50.     Defendant specifically denies paragraphs 56 through 59 in their entirety. Defendant specifically avers that negligent infliction of emotion distress is not a cause of action recognized in Texas. *Boyles v. Kerr*, 855 S.W.2d 593, 594 (Tex. 1993). Texas law governs this common law cause of action. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, *Meredith v. City of Winter Haven*, 320 U.S. 228, 231, 64 S. Ct. 7, 9, 88 L. Ed. 9 (1943).

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that the Plaintiffs and counter-defendants, be served and made to answer herein, and that upon trial on the merits, that Counter-Plaintiff ("Defendant Roy") have actual damages, attorneys fees, costs of court, and such other and further relief, in law or in equity to which he/she may show herself entitled.

Respectfully Submitted,

_/s/ *Savannah Robinson*_____
Savannah Robinson
ATTORNEY IN CHARGE
FOR Defendant and Counter-Plaintiff
SBN: 17108150
Fed. ID: 5922
1822 Main
Danbury, TX 77534
(979) 922-8825
savannahrobinson@aol.com

## CERTIFICATE OF SERVICE

       I hereby certify that a true, complete and correct copy of the foregoing and attached was this day served, pursuant to the Texas Rules of Civil Procedure, upon opposing counsel and other interested persons as listed below, on this the __21__ of __December____, 2023.

John Cucci, Jr.
Cucci Law Group
440 Louisiana St., Suite 660
Houston, TX  77002
e-serve: cucciesq@yahoo.com

Erik Baumann
The Hudgins Law Firm, PC
24 Greenway Plaza, Suite 2000
Houston, TX  77046
e-serve: ebaumann@hudgins-law.com

Keith Detweiler
Nielson & Treas, LLC
3838 N. Causeway Blvd., Suite 2850
Matairie, LA  70002
e-serve: kdetweiler@nt-lawfirm.com

Avniel Adler
Walker Wilcox Matousek LLP
1001 McKinney St., Suite 2000
Houston, TX  77002
e-serve: aadler@walkderwilcox.com

                                              _/s/ *Savannah Robinson*_____
                                                Savannah Robinson